DR. BARBARA THOMPSON, State Superintendent Department of PublicInstruction
You have requested my opinion as to the application and constitutionality of ch. 29, sec. 758, Laws of 1977, effective July 1, 1977. This law amended sec. 70.511, Stats., as follows:
SECTION 758. 70.511 of the statutes is amended to read:
 (1) VALUE TO BE USED IN SETTING TAX RATE. If the [local board of review, or manufacturing property district board of review, or both, have]* reviewing authority has not completed [their]* its work prior to the time set by a municipality for *Page 221 
establishing its current tax rate, the municipality shall use the total value, including contested values, shown in the assessment roll in setting its tax rate.
 (2) TAX LEVIES, REFUNDS. If the [local board of review, or manufacturing property district board of review, or both, have]* reviewing authority has not made a determination prior to the time of the tax levy with respect to a particular objection to value, the tax levy on [such]* the property or person shall be based on the contested assessed value of the property. A tax bill shall be sent to, and paid by, the person subject to such the tax levy as though there had been no objection filed, except that the payment shall be considered to be made under protest. The entire tax bill shall be paid even though the [local or district board of review]* reviewing authority has reduced the assessment prior to the time for full payment of the tax billed. If the local or district board of review reviewing authority reduces the value of the property in question, the taxpayer may file a claim for refund of taxes resulting from the reduction in value. [Such]* The claim for refund shall be filed with the clerk of the municipality on or before November 1 [and].* The clerk of the municipality may charge each taxing district for which taxes were collected from the taxpayer its proportionate share of the claim for refund. The claim shall be payable to the taxpayer from the municipality no later than January of the succeeding year, plus interest thereon at the rate of [eight tenths of one percent]* 0.8% per month. If the [local or district board of review]* reviewing authority increases the value of the property in question, [such]* the increase in value shall in the case of manufacturing property assessed by the department of revenue under s. 70.995 be assessed as omitted property as prescribed under s. 70.995(12). In the case of all other property s. 70.44 shall apply.
*
[EDITORS' NOTE: THE TEXT CONTAINED WITHIN THE BRACKETS STRICKEN THROUGH IN THE ORIGINAL TEXT.]
Prior to the amendment, municipalities absorbed all reductions in tax revenues resulting from delayed board of review reductions in property valuations. The amendment permits the municipalities to pass on part of these reductions to each "taxing district." Since the amendment, municipalities have been charging back proportionate amounts to various governmental entities such as the state, counties, school districts, vocational, technical, and adult education (VTAE) districts, etc. *Page 222 
There are three parts to your question:
 1. Does the statutory phrase "taxing districts" include public school districts and VTAE districts?
 2. If so, would the practice of passing on apportioned refund charges directly to the taxing districts violate the uniformity provision of Wis. Const. art. VIII, sec. 1, due to the fact that a tardy decision by the Board of Review of a municipality means that an adjustment to the tax base has been made which bypasses the equalization process of the Department of Revenue?
 3. If the provision is constitutional, can it be applied retroactively to school budgets which were voted and levied prior to the effective date of the amendment?
You have suggested that the term "taxing district" should be viewed as synonymous with "taxation district" which is defined in sec. 70.045, Stats. (1977): "The term `taxation district' is used in this chapter to designate a municipality, either the town, village or city, in which general property taxes are levied and collected." This definition, by specifying "municipality" and then further limiting that term to "either the town, village or city," would appear to exclude areas such as a school district, VTAE district, or a sewerage district. Therefore, you suggest that the 1977 amendment to sec. 70.511(2), Stats., does not apply to school districts.
This interpretation must be rejected. If "taxing district" is synonymous with "municipality," then the amendment has the meaningless effect of allowing a municipality to collect from itself. This cannot be a correct interpretation since one must assume that the Legislature intends to achieve an effective and operative result and not a futile one. Sands, SutherlandStatutory Construction, sec. 45.12 (4th ed. 1973). Wisconsin courts have a firm rule that absurd results or interpretations of a statute are to be avoided. State v. Could, 56 Wis.2d 808,202 N.W.2d 903 (1973). Therefore, in my opinion, the term "taxing district," as used in sec. 70.511(2), Stats., was intended to include each of those governmental units for which taxes were collected, e.g., public school districts and VTAE districts.
You have also suggested that the application of sec. 70.511(2), Stats., as amended, is unconstitutional because it violates the uniformity *Page 223 
provision contained in Wis. Const. art. VIII, sec. 1, which provides in part that "[t]he rule of taxation shall be uniform." In evaluating this particular statute, I must keep in mind that the cardinal rule of statutory construction is to preserve a statute and find it constitutional if it is at all possible to do so. State ex rel. Hammermill Paper Co. v. La Plante,58 Wis.2d 32, 47, 205 N.W.2d 784 (1973). On the other hand, the Wisconsin Supreme Court has also emphasized that the uniformity clause is to be rigorously enforced since its purpose is to "protect the citizen against unequal, and consequently unjust, taxation."Gottlieb v. Milwaukee, 33 Wis.2d 408, 147 N.W.2d 633 (1967).
The uniformity provision has been the subject of frequent litigation. In Gottlieb, the supreme court summarized this history and articulated six principles to be applied in testing the uniformity of a tax law. The principles relevant to this situation include:
 1. For direct taxation of property, under the uniformity rule there can be but one constitutional class.
 2. All within that class must be taxed on a basis of equality so far as practicable and all property taxed must bear its burden equally on an ad valorem
basis.
. . . .
 6. There can be variations in the mechanics of property assessment or tax imposition so long as the resulting taxation shall be borne with as nearly as practicable equality on an ad valorem basis with other taxable property.
33 Wis.2d at 424.
The uniformity provision essentially provides that there be uniformity of rate based on substantial uniformity of value assessment. To that end, each assessing authority is required to insure uniformity of assessment and rates for its own area. The Department of Revenue helps to insure uniformity by its equalization process by carrying out its authority "to have and exercise general supervision . . . to the end that all assessments of property be made relatively just and equal at full value." Sec. 70.57(1), Stats. (1977). The Legislature cannot create a class of property owners exempt from taxation nor declare that certain property will be taxed at a different rate.State ex rel. La Follette v. Torphy, 85 Wis.2d 94,270 N.W.2d 187 (1978). *Page 224 
In my opinion, sec. 70.511(2), Stats., facially does not violate the uniformity provision. The section has two purposes and effects: (1) to provide, in cases of delayed action by a reviewing board, the method by which a taxpayer receives a tax refund so that his tax burden is uniform with that of other taxpayers in the area; and (2) to distribute the resulting decrease in funds throughout all the taxing districts which originally benefited from the funds.
This section does not create a class of exempt persons, nor a class of individuals who receive tax benefits. Nor is any single municipality treated as a tax exempt or tax favored entity. Section 70.511(2), Stats., applies to delayed adjustments by any reviewing board of any municipality, and each municipality is allowed to charge back these adjustments. In addition, under normal circumstances it is not a municipality's entire tax base that may avoid the equalization process within the constitutional requirement of equality as far as practicable, but only a relatively minute portion of property whose revised assessment is finalized too late to be reevaluated in the Department of Revenue's final equalization process.
In stating that sec. 70.511(2), Stats., is constitutional on its face, I am not unmindful that under certain circumstances not presented herein the statute might be constitutionally vulnerable in its application. But, in resolving the constitutional question we must consider the law in its usual application wherein only a small portion of the property owners in each municipality will receive adjustments which in total will involve a very small percentage of the municipality's tax collections.
In considering the treatment of delayed assessment reductions, the Legislature had to decide whether the taxpayers of a municipality or the taxpayers of all the taxing districts,including the municipality, should absorb the revenue loss resulting from a late decision. Since all taxpayers of a school district are presumed to benefit from the public schools, it is reasonable that a portion of the loss be distributed among them and that the subsequent year's budget be increased to make up the shortfall. While this allows a municipality to pass along to other participating governmental entities these adjustments which presumably have resulted from faulty assessment, this in itself is not a constitutional objection, but goes only to the practical wisdom of the legislative decision, which it is not my prerogative to review. *Page 225 
The principles outlined in Gottlieb require uniformity "as far as practicable." Section 70.511(2), Stats., appears to satisfy those requirements. It does not attempt to establish a separate class which is relieved of its tax burden, but rather is aimed at providing that all property taxpayers be taxed on a basis of equality so far as is practicable.
You also ask whether sec. 70.511(2), Stats., may be applied retroactively to school budgets which were "voted and levied" prior to the effective date of the amendment. This question does not focus on the relevant transaction and consequently misapplies the term "retroactive." The amendment does not affect the process by which school budgets are approved and the consequential tax levies; it only confers a right upon the municipal clerk to pass on a portion of the refund claims to the respective taxing districts. Therefore, it is in relation to this transaction that the validity of the application of the law is to be judged.
In the drafting of this statute and its amendment, the Legislature was concerned with the effect, on both the taxpayer and the municipality, of delayed action by a reviewing authority. The Legislature did not place any statutory limitation on the extent of that delay, although it is common knowledge that the administrative and judicial review procedure require time and occasionally take several years. I am of the opinion that any
claim for refund which is received by a municipal clerk on or after July 1, 1977, is covered by the amendment and may therefore be passed on proportionately to the taxing districts.
In summary, it is my opinion that sec. 70.511(2), Stats., as amended, does not violate the uniformity provision of the Wisconsin constitution and that a municipal clerk may charge each taxing district for which taxes were collected, including school districts and VTAE districts, its proportionate share of any claim for refund received after July 1, 1977.
BCL:JEA *Page 226